UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────

ANTHONY BESTER, also known as
A. BESTER,

                              Plaintiff,

        v.                                                    9:20-CV-0852
                                                              (TJM/ML)

OFFICER N. YANDO, OFFICER B. SHERWOOD,
SGT. M. LYONS, AND NURSE N. RUSSO,

                              Defendants.
───────────────────────────────

APPEARANCES:

ANTHONY BESTER
99-B-0253
Plaintiff, *pro se*
Attica Correctional Facility
Box 149
Attica, NY 14011

HON. LETITIA JAMES                        RYAN W. HICKEY, ESQ.
New York State Attorney General           Assistant Attorney General
Attorney for Defendants
Litigation Bureau
The Capitol
Albany, New York 12224

MIROSLAV LOVRIC
United States Magistrate Judge

### REPORT-RECOMMENDATION AND ORDER[1]

        Plaintiff *pro se* Anthony Bester ("Bester" or "Plaintiff"), an inmate who was, at all

relevant times, in the custody of the New York Department of Corrections and Community

───────────────────

        [1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. §
636(b) and N.D.N.Y.L.R. 72.3(c).

Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 against Defendants N. Yando ("Yando"), B. Sherwood ("Sherwood"), M. Lyons ("Lyons"), and N. Russo ("Russo") for violations of his rights under the Eighth Amendment. Dkt. No. 1 ("Compl."). Presently before the Court is Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Dkt. No. 21. For the following reasons, it is recommended that Defendants' motion for summary judgment be granted.

## I.  BACKGROUND

### A.  Procedural History

On July 30, 2020, the Court received Bester's Complaint. Dkt. No. 1. Upon review of the Complaint, the Court directed Defendants to respond to the following:  (1) Eighth Amendment excessive force and failure-to-protect claims against Yando, Sherwood, and Lyons; and (2) an Eighth Amendment deliberate medical indifference claim against Russo. *See generally*, Compl.; *see also* Dkt. No. 7. Bester's Amended Complaint was filed on November 9, 2020 (Dkt. No. 19), and before the Court conducted another § 1915 review, Defendants filed the within motion pursuant to Fed. R. Civ. P. 56 seeking dismissal of the Amended Complaint and judgment as a matter of law. Dkt. No. 21. Bester opposed the motion (Dkt. No. 22) and Defendants filed a reply (Dkt. No. 23).

### B.  Facts[2]

---

[2]  In support of the motion, Defendants filed a Statement of Material Facts. Dkt. No. 21-2.

Local Rule 56.1(a) states:

Any motion for summary judgment shall contain a Statement of Material Facts. The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established. The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits. It does not, however, include attorney's

At the time of the incident described in the Amended Complaint, Bester was confined at Great Meadow Correctional Facility ("Great Meadow C.F."). *See generally*, Am. Compl.

On May 19, 2020, a use of force incident involving Bester, Yando, Sherwood, and Lyons occurred at Great Meadow C.F. Am. Compl. at 2-3. Bester claims that Yando and Sherwood used excessive force and that Lyons failed to intervene to protect him, in violation of his Eighth Amendment rights. *Id.* at 4. After the incident, Bester requested medical treatment. *Id*. at 3. Bester claims that Russo refused to examine or treat him and told him "nothing is wrong with you." *Id*.

On June 1, 2020, Bester filed a grievance (GM-327-20) related to the use of force incident. Dkt. No. 21-4 at 1, 8-9.[3] Due to the nature of the grievance, the Inmate Grievance

---

affidavits. <u>Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion</u>.

Local Rule 56.1(b) states:

The opposing party shall file a separate Response to the Statement of Material Facts. The opposing party response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in a short and concise statement, in matching numbered paragraphs. Each denial shall set forth a specific citation to the record where the factual issue arises. The Court may deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert. In addition, the opposing party's Response may set forth any assertions that the opposing party contends are in dispute in a short and concise Statement of Additional Material Facts in Dispute, containing separately numbered paragraphs, followed by a specific citation to the record where the fact is established.

Bester was notified of the consequences of failing to respond to a summary judgment motion. Dkt. No. 21 at 3. Bester opposed the motion, but failed to respond to Defendants' Statement of Material Facts. Dkt. No. 22. In light of Plaintiff's pro se status, the Court has reviewed the entire summary judgment record in order to ascertain the undisputed material facts. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (noting court's "broad discretion to determine whether to overlook a party's failure to comply with local court rules"). In light of the procedural posture of the case, the following recitation is derived from the record now before the Court, with all inferences drawn and ambiguities resolved in non-moving party's favor. *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003).

[3] Defendants annexed exhibits to the motion. Dkt. Nos. 21-4, 21-6, and 21-7. Plaintiff does not object or challenge the authenticity of the documents. Therefore, the Court will consider the exhibits in the context of the within motion. *See U.S. v. Painting known as Hannibal*, No. 07-CV-1511, 2010 WL 2102484, at *1, n.2 (S.D.N.Y. May 18, 2010) (citing Daniel v. Unum Provident Corp., 261 F. App'x 316, 319 (2d Cir. 2008) ("[A] party is not required to authenticate documents on a summary judgment motion where, as here, authenticity is not

Resolution Committee ("IGRC") forwarded the grievance to the facility Superintendent for review.  *Id*. at 6-7.

On July 27, 2020, Bester signed his civil rights Complaint and commenced the within action.  Compl. at 7.

On September 22, 2020, the Superintendent issued a decision advising that the grievance was investigated and denied.  Dkt. No. 21-4 at 4.  On September 28, 2020, Bester signed the Appeal Statement indicating that he wished to appeal the decision to the Central Office Review Committee ("CORC").  *Id*. at 3.  On October 21, 2020, the Grievance Clerk received and signed the Appeal Statement.  *Id*.  On October 28, 2020, CORC received the appeal.  Dkt. No. 21-5 at ¶ 14.

## II.  MOTION FOR SUMMARY JUDGMENT[4]

Defendants move for summary judgment and dismissal of Bester's claims for failure to exhaust his administrative remedies.  *See* Dkt. No. 21-1.

### A.  Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact, it is supported by affidavits or other suitable evidence, and the moving party is entitled to judgment as a matter of law.  The moving party bears the burden of demonstrating the absence of disputed material facts by providing the court with portions of pleadings, depositions, and affidavits which support the motion.  Fed. R. Civ. P. 56; *Celotex Corp. v.*

--------

challenged by the other party")).

[4]  All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to Plaintiff.

*Catrett*, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 317, 248 (1986).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant.  Fed. R. Civ. P. 56; *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact.  *Scott*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party.  *Skubel v. Fuoroli*, 113 F.3d 330, 334 (2d Cir. 1997).  Furthermore, where, as here, a party seeks judgment against a *pro se* litigant, a court must afford the non-movant special solicitude.  *See Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006).  As the Second Circuit has stated,

5

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they "suggest," . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . . or arguments that the submissions themselves do not "suggest," . . . that we should not "excuse frivolous or vexatious filings by pro se litigants," . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law.

*Id.* (citations and footnote omitted); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–92 (2d Cir. 2008).  Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

### B. Exhaustion

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust any administrative remedies available to him or her before bringing an action for claims arising out of his or her incarceration. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see also Woodford v. Ngo*, 548 U.S. 81, 82 (2006).  The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.  Further, the exhaustion requirement applies even where the prisoner seeks relief not available in the administrative grievance process, such as monetary damages. *Id*. at 524.  To exhaust administrative remedies, the inmate must complete the full administrative review process set forth in the rules applicable to the correctional facility in which he or she is

6

incarcerated. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal citation omitted).

Here, there is no dispute that at all relevant times, DOCCS had in place a three-step inmate grievance program ("IGP"). N.Y. Comp. Codes R. & Regs. title 7, § 701.5 (2015). First, the inmate must file a complaint with IGP clerk within twenty-one days of the alleged action. *Id*. at § 701.5(a)(1).  An IGP representative has sixteen calendar days to informally resolve the issue.  *Id*. at § 701.5(b)(1).  If no informal resolution occurs, the full IGP committee must hold a hearing within sixteen days of receipt of the grievance and must issue a written decision within two working days after the conclusion of the hearing.  *Id*. §§ 701.5(b)(2)(i)-(ii).  If the determination is unfavorable to the inmate, the inmate may appeal the IGRC's determination to the facility superintendent within seven calendar days of receipt of the determination.  *Id*. § 701.5(c)(1).  If the superintendent's determination is unfavorable to the inmate, the inmate may appeal to the Central Office Review Committee ("CORC") within seven days after receipt of the superintendent's determination.  *Id*. §§ 701.5(d)(1)(i)-(ii).  If a grievant does not receive a copy of the written notice of receipt within 45 days of filing an appeal, the grievant should contact the IGP supervisor in writing to confirm that the appeal was filed and transmitted to CORC.  *Id*. at § 701.5(d)(3)(i).  CORC must "review each appeal, render a decision on the grievance, and transmit its decision to the facility, with reasons stated, for the [inmate], the grievance clerk, the superintendent, and any direct parties within thirty (30) calendar days from the time the appeal was received."  *Id*. § 701.5(d)(3)(ii).  Only upon exhaustion of all three levels of review may a prisoner seek relief

7

in federal court.  *Bridgeforth v. Bartlett*, 686 F.Supp.2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia, Porter*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter,* 534 U.S. 516.

Where the grievance involves allegations of employee excessive force, as alleged by Bester, there is an expedited administrative process.  *See* N.Y.C.R.R. title 7, § 701.8; see *Torres v. Carry,* 691 F.Supp.2d 366, 369–70 (S.D.N.Y. 2009).  Complaints and grievances of this nature are forwarded directly to the superintendent of the facility.  *Bell v. Napoli,* No. 9:17-CV-850 (ATB), 2018 WL 6506072, at *2 (N.D.N.Y. Dec. 11, 2018).  In such cases the superintendent is required to order an investigation and render a decision within twenty-five (25) days.  *See* N.Y.C.R.R., title 7, § 701(a)-(f).  If the superintendent fails to respond within the required twenty-five (25) day time limit the inmate may appeal his grievance to the CORC.  Disagreement with the superintendent's decision in the expedited review process also requires an appeal to the CORC.  *Id*. § 701.8-(g)-(h); *see also Espinal v. Goord*, 588 F.3d 119,125 (2d Cir. 2009) (explaining IGP and the expedited procedure for harassment claims and its appeal mechanism through the CORC).  The Second Circuit has long recognized this procedure as an "available remedy" for purposes of the PLRA.  *See Hall v. County of Saratoga*, No. 10–CV–1120 (NAM/CFH), 2013 WL 838284, at *1–2 (N.D.N.Y. Mar. 6, 2013).

Because non-exhaustion is an affirmative defense, the defendants bear the burden of establishing that a prisoner failed to satisfy the exhaustion requirements.  *See Jones*, 549

8

U.S. at 216.

At the time of the incidents that give rise to this action, Great Meadow C.F. had an Inmate Grievance Program ("IGP").  Dkt. No. 21-3.

### 1.  Plaintiff's Failure to Exhaust

Defendants argue that Bester has not yet exhausted his administrative remedies by completing the grievance process with respect to GM 327-20.  In support of the motion, Defendants submit a declaration from the IGP Supervisor at Great Meadow C.F. Alexandria Mead ("Mead").  Dkt. No. 21-3.  Mead avers that, on June 1, 2020, Bester filed a formal grievance alleging that he was subjected to excessive force during an incident on May 19, 2020.  *Id*. at ¶ 8.  On September 22, 2020, the grievance was denied and Bester appealed the decision to CORC.  *Id*. at ¶¶ 11-12.

Defendants also submit a declaration from DOCCS IGP Assistant Director Rachael Seguin ("Seguin").  Dkt. No. 21-5.  Based upon Seguin's review of CORC records, CORC received Plaintiff's appeal of grievance GM-327-20 on October 28, 2020.  *Id*. at ¶ 17.  As of the date of Seguin's affidavit, November 16, 2020, no decision had been made on the appeal.  *Id.*  Defendants also submit documents related to Plaintiff's grievance history.  Dkt. Nos. 21-4, 21-6, and 21-7.

The record is clear that Bester filed this action on July 27, 2020, and, to date, CORC has not issued a decision on his grievance.  Dkt. No. 21-2 at ¶ 12.  Indeed, Bester concedes that he did not receive a response from CORC prior to filing the within action.  Dkt. No. 22.

9

As an additional basis for summary judgment, Defendants argue that Bester did not exhaust his claims against Russo because GM 327-20 did not encompass Plaintiff's deliberate medical indifference claim against Russo.[5]  *See* Dkt. No. 21-1 at 8; Dkt. No. 23 at 4.  A grievance "must place defendants on notice of what, substantively, is claimed in order to permit a proper investigation."  *Messa v. Woods*, No. 9:07-CV-306, 2009 WL 3076120, at *6 (N.D.N.Y. Sept. 23, 2009) (citing *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004)).

Mead and Seguin state that GM-327-20 is void of any reference to Bester's medical care after the May 19, 2020 incident or any misconduct by Russo.  Dkt. No. 21-3 at ¶ 9; Dkt. No. 21-5 at ¶ 15.  Mead and Seguin further aver that, based upon a review of DOCCS' and CORC records, Bester did not file any grievances or appeals related to Russo or his medical needs following the May 2020 incident.  Dkt. No. 21-3 at ¶10; Dkt. No. 21-5 at ¶ 16.

The Court has reviewed Bester's grievance records and agrees with Defendants.  The grievance lacks any reference to Russo or allegations related to inadequate medical treatment following the May 2020 incident sufficient to put Russo on notice of Bester's claims against her or allow a proper investigation as to those claims.  *See Messa*, 2009 WL 3076120, at *6 (granting the defendants' motion for summary judgment on the basis of exhaustion where the plaintiff's grievance failed to put the defendants' on notice of claims against them); *see also Johnson v. Schiff*, No. 9:11-CV-0531 (MAD/TWD), 2013 WL 5465978, at *8 (N.D.N.Y. Sept. 10, 2013) (although the plaintiff filed a grievance in

---

[5]  Plaintiff did not respond to this portion of Defendants' argument.

Chenango County related to a transfer, the grievance did not mention a failure to protect claim).

As a result, I find that Plaintiff failed to exhaust his administrative remedies before filing this action.

### 2.  Availability of Administrative Remedies

The Court's finding that Bester failed to exhaust his administrative remedies does not end the exhaustion review.  Construing Bester's arguments in a favorable light, he argues that administrative remedies were unavailable due to the actions of "departmental authorities" and asserts that "protocols to the CORC were dubiously delayed and untimely thus impairing the grievance process as a whole[.]"  *See* Dkt. No. 22 at 2.

A prisoner's failure to exhaust administrative remedies may be excused if remedies were unavailable to the inmate.  *Ross v. Blake,* 136 S.Ct. 1850, 1858 (2016) ("An inmate [...] must exhaust available remedies, but need not exhaust unavailable ones."). There are three potential circumstances where administrative remedies may be unavailable: (1) where the administrative procedure technically exists but operates as a "dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use;" and (3) where prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Williams v. Priatno*, 829 F.3d 118, 123-24 (2d Cir. 2016) (quoting *Ross*, 136 S.Ct. at 1858-1861).

11

Here, Bester's conclusory allegations against unidentified "departmental authorities" are unsupported by admissible evidence and insufficient to create a genuine issue of material fact and withstand summary judgment. *See Dinkins v. New York*, No. 19-CV-08447, 2020 WL 5659554, at *7 (S.D.N.Y. Sept. 23, 2020) (holding that the plaintiff's allegation that an unidentified official lied to him was conclusory). Indeed, the record before the Court belies Bester's claim that a delay rendered his remedies unavailable. Bester filed this action in July 2020, before the Superintendent issued his decision. Accordingly, any delay transferring the matter to CORC did not render the grievance process unavailable. *See Simone v. Susice*, No. 9:19-CV-132 (GLS/DJS), 2019 WL 7971875, at *5 (N.D.N.Y. Dec. 3, 2019) (rejecting the plaintiff's unavailability claim based upon CORC's failure to provide a decision in thirty days because the plaintiff filed the lawsuit "before the facility Superintendent, let alone CORC, had decided [his] grievance.").

Moreover, in Bester's opposition to Defendants' motion (postmarked November 24, 2020), Bester concedes that CORC's deadline to respond "is relatively a few short days away". Bester signed his Appeal Statement on October 15, 2020, the appeal was forwarded to CORC on October 22, 2020 and received by CORC on October 28, 2020. Dkt. No. 21-3 at ¶¶ 12-13; Dkt. No. 21-5 at ¶14. Thus, pursuant to 701.5(d)(3)(ii), CORC's decision was not due until November 28, 2020, four months after Bester initiated this action. Finally, Bester's request for a stay of the action pending exhaustion undermines his claim that administrative remedies were unavailable. *See generally*, Dkt. No. 22 at 3; *see also Thompson v.*

12

*Sadowski*, No. 9:09-CV-00685 (FJS/DEP), 2011 WL 7640125, at *7 (N.D.N.Y. Aug. 16, 2011) (reasoning that the plaintiff's motion to stay the action pending exhaustion "signals his tacit acknowledgment that those remedies were not exhausted[]").

Thus, the Court finds that Plaintiff has failed to demonstrate that administrative remedies were unavailable to him.

With respect to Bester's application for a stay of this matter pending exhaustion, the Court is not vested with the power or discretion to award such relief. *See Gizewski v. New York State Dep't of Corr. & Cmty. Supervision*, No. 9:14-CV-0124 (GTS/DJS), 2016 WL 3661434, at *14, no. 27 (N.D.N.Y. July 5, 2016), *aff'd*, 692 F. App'x 668 (2d Cir. 2017) ("The eventual denial does not cure the failure to exhaust: '[s]ubsequent exhaustion after suit is filed . . . is insufficient.' ") (citations omitted).

Accordingly, the undersigned recommends that Defendants' motion be granted and Bester's Amended Complaint should be dismissed without prejudice. *See Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2004) (dismissing without prejudice for failure to exhaust administrative remedies when the plaintiff "can cure the defect simply by exhausting them and then reinstituting his suit") (citing *Snider v. Melindez*, 199 F.3d 108, 111-12 (2d Cir. 1999)).

### III.  CONCLUSION

**WHEREFORE**, based on the findings set forth above, it is hereby:

**ORDERED** that the Amended Complaint (Dkt. No. 19) is accepted for filing and is deemed the operative pleading; and it is further

13

**RECOMMENDED** that Defendants' motion for summary judgment (Dkt. No. 21) be

**GRANTED**; and it is further

**ORDERED** that copies of this Report-Recommendation and Order be served on the

parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[6] days within which to

file written objections to the foregoing report. Such objections shall be filed with the Clerk of

the Court. <u>**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL**</u>

<u>**PRECLUDE APPELLATE REVIEW**</u>. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)

(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

DATED:        January 20, 2021

Miroslav Lovric
U.S. Magistrate Judge

---

[6]       If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(c).

14

15